UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. EVANS, JR.,

    Plaintiff,                                    Case No. 3:14-cv-207

vs.

COMMISSIONER OF                      District Judge Thomas M. Rose
SOCIAL SECURITY,                    Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920[,] respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI in August 2010 alleging a disability onset date of April 30, 1997. PageID 254-66. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, an affective disorder. PageID 107-08.

After initial denials of his applications, Plaintiff received a hearing before ALJ Christopher L. Dillon. PageID 121-42. The ALJ issued a written decision on March 13, 2013 finding Plaintiff not disabled. PageID 78-92. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2003.

2. The claimant has not engaged in substantial gainful activity since April 30, 1997, the alleged disability onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).

3. The claimant has the following severe impairment: an affective disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. I find that the claimant retains the functional capacity for work that involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds; pushing or pulling similar amounts; sitting, standing, and walking for 6 hours each; no foot pedal operation with the left lower extremity; no more than occasional interaction with the public; no more than simple, routine, repetitive tasks.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1959 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged disability

    onset date.  The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8.  The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.964).

10.  Considering the claimant's age, education, work experience, and residual functional capacity ["RFC"], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from April 30, 1997, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 107-13.

  Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 73-75.  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

  **B.**  **Evidence of Record**

  The ALJ set forth a detailed recitation of the underlying medical evidence in this case.  PageID 107-12.  Plaintiff, in his Statement of Errors, summarizes the relevant medical evidence.  Doc. 8 at PageID 509-11.  The Commissioner's memorandum in opposition defers to the ALJ's recitation of evidence.  Doc. 11 at PageID 534.  Except as otherwise stated in this Report and Recommendation, the undersigned incorporates the recitation of evidence put forth by both Plaintiff and the ALJ.  Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

4

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in evaluating the medical opinion by his treating psychiatrist, Yiu-Chung Chan, M.D. Doc. 8 at PageID 515. Specifically, Plaintiff claims that the ALJ failed to properly apply the controlling weight test and provide "good reasons" for rejecting Dr. Chan's opinion. *Id.* at PageID 515-23. Plaintiff also suggests

5

the ALJ erred in his analysis of the record reviewing psychologists, who did not examine or treat him. *Id.*

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds that opinion well-supported by medically acceptable evidence and not inconsistent with other

6

substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c).[4] In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a treating physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 404.1527; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

### A.     Dr. Chan

In January 2013, Dr. Chan opined that Plaintiff experiences "marked" or "extreme"[5] limitations in the areas of social interaction, adaption, and sustained concentration and persistence, noting that Plaintiff's "depression often causes him to isolate and have low energy levels [and] . . . sleep disturbances." PageID 478-80. Dr. Chan further opined that Plaintiff would likely miss five or more days of work per month due to his depression, and that his condition would deteriorate if he were to be placed under stress. PageID 480. The ALJ -- while noting that Dr. Chan's opinion supports a finding of disability -- concluded that it "cannot be given controlling, or even deferential, weight." PageID 110. The ALJ ultimately afforded the opinion "no weight[.]" *Id*. The ALJ stated that Dr. Chan's opinion

> is not consistent with the treatment records, which showed that the claimant showed a good response to medication. He was discharged from individual psychotherapy in December 2012. There is no evidence that the claimant has required psychiatric hospitalization: all treatment has been provided on an outpatient basis. The record further indicates that the claimant engages in a wide variety of activities of daily living, including running errands for his elderly mother. As the opinion of Dr. Chan is not supported by the medical record, and is in fact very much at odds with the evidence of record, I afford it no weight in this matter.

*Id.* (internal citations omitted). Conversely, the ALJ gave "significant weight" to the opinions of unnamed state agency psychologists who did not examine Plaintiff and reviewed the record in

---

[5] Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq.*

2011 and 2012[6] -- *i.e.*, before Dr. Chan offered his opinion -- because they are "supported by the overall medical record." PageID 110.

      The undersigned agrees with Plaintiff that the ALJ erred in assessing the weight to be reasonably accorded Dr. Chan's opinion. Initially, the undersigned notes that the ALJ declined to give that opinion controlling weight or other weight because, in the ALJ's view, Plaintiff received only impatient care; he performed daily activities such as running errands for his mother; he responded positively to medication; and he was discharged from individual therapy. PageID 110. Thus, it is unclear whether the ALJ undertook the mandatory two-step inquiry required when analyzing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013). The lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Id.* at 377 (citations omitted).

      Even assuming, *arguendo*, that the ALJ adequately conducted the controlling weight test -- which the undersigned concludes he did not -- the undersigned further concludes that the ALJ failed to provide good reasons for assigning Dr. Chan's opinion no weight. First, while Plaintiff has never received inpatient psychiatric treatment, it is unclear to the undersigned how this fact undermines Dr. Chan's opinion without meaningful explanation by the ALJ. *Cf. Carter v. Comm'r of Soc. Sec.*, 3:13-cv-296, 2015 WL 400622, at *5 (S.D. Ohio Jan. 28, 2015) *report and recommendation adopted*, 3:13-cv-296, 2015 WL 791473 (S.D. Ohio Feb. 24, 2015). The Commissioner argues that the ALJ was highlighting the inconsistencies between "Plaintiff's conservative treatment regimen" and the "extreme limitations" in Dr. Chan's opinion -- despite

---

[6] The record reviewers concluded that Plaintiff is able to "perform routine, repetitive three and four-step tasks with uncomplicated instructions and which would require only superficial contact with others." PageID 110.

9

the ALJ providing no such explanation. *See* doc. 11 at PageID 539. "[I]t is the opinion given by an administrative agency rather than counsel's '*post hoc* rationale' that is under the Court's consideration." *Romig v. Astrue*, No. 1:12-cv-1552, 2013 WL 1124669, at *6 (N.D. Ohio Mar. 18, 2013) (citations omitted).

Second, and similarly, the ALJ failed to explain how Plaintiff's discharge from individual psychotherapy is inconsistent with Dr. Chan's opinion that Plaintiff is severely limited by his depression. Notably, Plaintiff was discharged from therapy, after two years of treatment, because he missed two consecutive appointments -- following the death of his therapist and subsequent transfer of his case -- not due to resolution of his symptoms. PageID 108, 477.

Third, the ALJ found Dr. Chan's opinion inconsistent with the treatment records, which demonstrated to the ALJ that Plaintiff "showed a good response to medication." PageID 110. In support of this contention, the ALJ cited to 22 pages of progress notes. PageID 108. Having reviewed the 22 pages, the Court finds the only relevant record is from March 25, 2010, which quoted Plaintiff as saying "I had a really rough patch[,]" and the doctor noting "[t]he Klonopin helped." PageID 346. Without any explanation by the ALJ, it is unclear to the undersigned how this single entry undermines the entirety of Plaintiff's treating psychiatrist's opinion, provided nearly three years later. PageID 478-80. To the extent that there are other supportive notes in the voluminous administrative record, the ALJ's failure to cite to any particular portion of the treatment records hinders meaningful review by this Court. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion . . . gets the short end of the stick").

Finally, the undersigned finds that the purported inconsistency between Dr. Chan's opinion and Plaintiff's daily activities -- *i.e.*, his ability to perform household chores, drive, play the guitar, use Facebook, and play video games, PageID 109 -- is not a good reason to assign Dr. Chan's opinion no weight. *See Meece v. Barnhart*, 193 F. App'x 456, 465 (6th Cir. 2006) (finding "the fact that Plaintiff engages in minor life activities is not inconsistent with disabling" limitations); *Gayheart*, 710 F.3d at 377 (finding a lack of substantial evidence supporting the ALJ's "apparent implication" that plaintiff's daily "activities are inconsistent with . . . restrictions noted" by plaintiff's treating physician where the "ALJ does not contend, and the record does not suggest, that [plaintiff] could do any of these [daily] activities on *a sustained basis*" (emphasis in original)). Notably, the activity specifically mentioned by the ALJ when weighing Dr. Chan's opinion -- running errands for his elderly mother, PageID 110 -- fails to undermine his opinion that Plaintiff is markedly or extremely impaired in his ability to interact with others in the workplace or concentrate. PageID 478-79. Plaintiff testified that he goes to the grocery store approximately three times per month during "off hours when there aren't a lot of people there [at 11:00 pm or midnight] . . . or else I get very manic." PageID 131. Apart from grocery shopping, there is no indication in the record that Plaintiff regularly runs errands for his mother. Instead, the treatment note cited by the ALJ stated Plaintiff was considering "taking walks and running errands weekly and . . . reported he would try some of these options" in an attempt to "increase [his] activity." PageID 112, 464. Accordingly, the ALJ's analysis of Plaintiff's daily activities fails to provide a good reason for discounting the weight to be reasonably accorded Dr. Chan's opinion.

B.     Record Reviewing Psychologists

The ALJ also erred in his analysis of the record reviewing psychologists' opinions. PageID 110. "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical . . . consultant[.]" 20 C.F.R. § 404.1527(e)(2)(ii). Such explanation must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009). In fact, when weighing opinions of state agency consultants, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions. *Gayheart*, 710 F.3d at 379. "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]." *Id*.

Here, in analyzing the opinions of the record reviewers, the ALJ stated only that "I have also afforded the opinion[s] of the State Agency mental health consultants significant weight, as [they are] supported by the overall medical record." PageID 110. The ALJ failed to mention or provide explanation concerning any of the § 404.1527(c) factors. The ALJ's conclusory assessment thus fails to satisfy his obligation to provide a meaningful analysis of the weight accorded all medical source opinions of record. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5-6 (S.D. Ohio Aug. 19, 2014) (citation omitted).

IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v.*

12

*Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this instance, evidence of disability is not overwhelming in light of conflicting opinions in the record concerning Plaintiff's functional limitations.  *See* PageID 151-53, 172-76, 478-80.  Accordingly, the undersigned concludes that remand for further proceedings is necessary so the ALJ can reasonably and meaningfully weigh all opinion evidence and determine Plaintiff's disability status anew.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  July 29, 2015                                  *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).